Filed 6/26/23  P. v. Childs CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C095877 |
| Plaintiff and Respondent, | (Super. Ct. No. 20FE012691) |
| v. | |
| CORDARIEZ CHILDS, | |
| Defendant and Appellant. | |

Defendant Cordariez Childs appeals from his convictions related to an assault.  He argues the trial court erroneously imposed the upper term.  Relying on *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*), defendant also argues the trial court erred in imposing certain fines and fees without holding a hearing to determine his ability to pay them.  We will modify the judgment to correct a fee and impose a sentence on a conviction, and affirm as modified.

# I. BACKGROUND

In August 2020, a Sheriff's Deputy at the county jail observed defendant standing over another inmate (who was on the ground) and punching him in the head. The deputy eventually broke up the fight. The victim suffered a cut on his forehead, bruising and swelling around his eye, and a broken nose.

At trial, defendant testified the victim was in a gang, and he was afraid of the victim.

In November 2021, a jury found defendant guilty of battery with serious bodily injury (Pen. Code, § 243, subd. (d)—count one)[1] and assault by means of force likely to cause great bodily injury (§ 245, subd. (a)(4)—count two). As to count one, the jury found true that defendant personally inflicted serious bodily injury on the victim. (§ 1192.7, subd. (c)(8).) Defendant admitted that he had a prior strike (§§ 667, subds. (b)-(i), 1170.12) and a prior serious felony conviction (§ 667, subd. (a)).

The probation report recommended the trial court impose the upper term of four years on count one because "defendant has engaged in violent conduct which indicates a serious danger to society [(California Rules of Court,] Rule 4.421(b)(1))."[2] The report also recommended staying imposition of sentence on count two, based on section 654. The report noted defendant, who was 30 years old at the time of the report, had no occupation or income.

During the January 2022 sentencing hearing, the prosecution argued the upper term could be supported under the recent amendments to section 1170, as enacted by Senate Bill No. 567 (2021-2022 Reg. Sess.) (Senate Bill 567), effective January 1, 2022. Noting that there had been no jury trial on any aggravating factors other than the serious

---

[1] Undesignated statutory references are to the Penal Code.

[2] Undesignated rule references are to the California Rules of Court.

bodily harm finding, the prosecutor argued multiple aggravating factors existed: (1) the crime involved great violence and great bodily harm, (2) defendant had engaged in violent conduct indicating a serious danger to society, (3) he had served a prior prison term, (4) he committed the crime while on parole, and (5) his prior performance on parole was unsatisfactory. Still, he felt the appropriate sentence was the middle term of three years.

When the court asked defense counsel for its position, instead of addressing the recent amendments to section 1170, defense counsel asked the court to strike the five-year prior prison term enhancement, arguing the attack was provoked and the victim did not suffer long-lasting injuries. Defense counsel also asked the court to strike any non-mandatory fees given his indigence.

Stating that it intended to follow the recommendations in the probation report, the trial court sentenced defendant to prison for an aggregate term of 14 years four months, as follows: (1) in the instant case, eight years for count one (the upper term of four years doubled due to the strike) plus five years consecutive for the prior serious felony enhancement, and (2) one year four months consecutive in case No. 20FE010208.[3] The court explained it was imposing the upper term on count one because "defendant is engaged in a pattern of violent conduct which indicates that he's a serious danger to society pursuant to Rule 4.432(b)(1). This finding is not subject to a jury finding under

---

[3] Case No. 20FE010208 is not at issue in this appeal.

the new statute."[4]  The court also stayed imposition of sentence for count two, purportedly "pursuant to section 664."[5]

With respect to fines and fees, the court found that *Dueñas* did not apply because defendant would have an opportunity to earn money while in prison.  The court ordered defendant to pay a $3,900 restitution fine (§ 1202.4, subd. (b)), a corresponding $3,900 parole revocation fine (suspended unless parole is revoked) (§ 1202.45), an $80 court operations fee (§ 1465.8, subd. (a)(1)), and a $50 criminal conviction assessment fee (Gov. Code, § 70373).  The abstract of judgment lists a $60 criminal conviction assessment fee.

## II.  DISCUSSION

### A.  *Senate Bill 567*

Senate Bill 567 changed the requirements for proving aggravating circumstances and altered sentencing discretion under section 1170.  (Stats. 2021, ch. 731, § 1.3.) Among other things, Senate Bill 567 amended section 1170 to generally provide for midterm sentences and prohibit upper-term sentencing unless the factors in aggravation are stipulated to by the defendant, are proven to a fact finder beyond a reasonable doubt, or relate to a prior conviction that is established by a certified record of conviction. (§ 1170, subd. (b)(1)-(3).)  In selecting an appropriate term, the trial court must set forth on the record the facts and reasons for choosing the sentence imposed.  (§ 1170, subds. (b)(5), (c).)

---

[4]  Given that there is no Rule 4.432(b)(1), and that the court indicated it was adopting the findings in the probation report (which relied on Rule 4.421(b)(1) as the basis for the aggravating factor), we interpret the court as having relied on Rule 4.421(b)(1).

[5]  Given that section 664 does not address staying sentences, we interpret the court as having relied on section 654.

4

Senate Bill 567 also created a presumption in favor of the lower term if certain mitigating circumstances were a contributing factor in the commission of an offense. (§ 1170, subd. (b)(6).)  These factors include, among other things, that the person has experienced psychological, physical, or childhood trauma, including, but not limited to, abuse, neglect, exploitation, or sexual violence (§ 1170, subd. (b)(6)(A)), and that, prior to the instant offense or at the time of its commission, the person is or was a victim of intimate partner violence or human trafficking (§ 1170, subd. (b)(6)(C)).  If any of the presumptive lower-term factors contributed to an offense, the trial court must impose the lower term unless the trial court finds that the aggravating circumstances outweigh the mitigating circumstances such that imposition of the lower term would be contrary to the interests of justice.  (§ 1170, subd. (b)(6).)

Defendant argues that under Senate Bill 567, the sole aggravating circumstance relied upon by the court (i.e., that defendant had engaged in a "pattern" of violent conduct that indicates a serious danger to society)[6] was not properly established because defendant did not admit this fact, and it was not put to a jury.  Pointing to the court's statement that its finding regarding the aggravating circumstance "is not subject to a jury finding under the new statute," defendant argues the court conceded that the aggravating circumstance had not been properly established under the recent amendments to section 1170.

Regardless, the trial court sentenced defendant in January 2022, after the effective date of Senate Bill 567, but the defense did not assert in the trial court that the court was failing to correctly apply the provisions of Senate Bill 567.  Even though the court asked about the defense's position after discussing Senate Bill 567 and hearing the prosecutor's

---

[6] We note that Rule 4.421(b)(1) only requires violent conduct that indicates a serious danger to society, not a *pattern* of violent conduct that indicates a serious danger to society.

5

interpretation of what needed to be found by a jury or by stipulation, defense counsel merely asked the court to strike the five-year prior prison term enhancement. (*People v. Scott* (1994) 9 Cal.4th 331, 353 ["counsel is charged with understanding, advocating, and clarifying permissible sentencing choices at the hearing"].) The absence of a specific objection based on Senate Bill 567 forfeited the issue on appeal. (*Id.* at pp. 351-353 [lack of timely and meaningful objection to court's alleged failure to properly make or articulate its discretionary sentencing choices forfeits issue on appeal].)

B.       *Fines and Fees*

Defendant argues the trial court violated his right to due process and the federal and state constitutional prohibitions of excessive fines by imposing fines, fees, and assessments without holding a hearing to determine his ability to pay them. Defendant notes that the record establishes he is indigent, given that he was represented by appointed counsel at trial and on appeal. Defendant further notes that the probation report states defendant has no source of income and no occupation, and there was no evidence that defendant was eligible or currently engaged in prison wage labor. Defendant requests that we remand the matter for a hearing on his ability to pay.

Defendant's claim hinges on the finding in *Dueñas* that due process principles mandate an ability to pay hearing before imposing fines and assessments. (*Dueñas, supra*, 30 Cal.App.5th at p. 1164.) The Courts of Appeal are split as to whether *Dueñas* was correctly decided. Our Supreme Court is now poised to resolve this question, having granted review in *People v. Kopp* (2019) 38 Cal.App.5th 47, review granted November 13, 2019, S257844, which agreed with the court's conclusion in *Dueñas* that due process requires the trial court to conduct an ability to pay hearing and ascertain a defendant's ability to pay before it imposes court operations and court facilities assessments under section 1465.8 and Government Code section 70373. (*Kopp, supra*, at pp. 95-96.)

6

In the meantime, we join the court in *People v. Hicks* (2019) 40 Cal.App.5th 320, review granted November 26, 2019, S258946, and multiple other courts in concluding that the principles of due process do not require determination of a defendant's present ability to pay before imposing the fines and assessments at issue in this proceeding. (*People v. Cota* (2020) 45 Cal.App.5th 786, 794-795; *People v. Kingston* (2019) 41 Cal.App.5th 272, 279; *People v. Aviles* (2019) 39 Cal.App.5th 1055, 1069; *People v. Caceres* (2019) 39 Cal.App.5th 917, 923-929.)  As such, we find defendant's argument without merit.

C.     *Sentencing*

Finally, although not raised by the parties, we note the trial court erroneously stayed imposition of sentence on count two, purportedly pursuant to section 654.  To effectuate section 654, the trial court must impose a full term and stay execution of that term.  (*People v. Duff* (2010) 50 Cal.4th 787, 796; see also *People v. Alford* (2010) 180 Cal.App.4th 1463, 1468-1469 [staying imposition of sentence is not the correct method of implementing section 654 and results in an unauthorized sentence].)  We exercise our inherent authority to correct an unauthorized sentence (*People v. Smith* (2001) 24 Cal.4th 849, 852) by modifying the judgment to impose a sentence on count two of a consecutive six-year term (the middle term of three years doubled due to the strike) stayed pursuant to section 654.

We also exercise our authority to correct the trial court's error in imposing a $25 per count criminal conviction assessment fee (or $50 total), rather than the $30 per count fee (or $60 total) required under Government Code section 70373.  Although the correct $60 fee was listed in the abstract of judgment, it is the court's oral pronouncement of judgment that controls, and we will modify the judgment accordingly.  (See *People v. Mitchell* (2001) 26 Cal.4th 181, 185 [an abstract of judgment does not control if different from the trial court's oral judgment].)

### III.  DISPOSITION

The judgment is modified to impose a consecutive six-year term on count two, stayed pursuant to section 654, and a $60 criminal conviction assessment (Gov. Code, § 70373).  The trial court is directed to prepare an amended abstract of judgment and to forward a certified copy to the Department of Corrections and Rehabilitation.  As modified, the judgment is affirmed.

/S/

RENNER, J.

I concur:

/S/

HULL, Acting P. J.

MESIWALA, J., Concurring and Dissenting.

I concur in all parts of the Discussion except the analysis in part B. *Dueñas* was correctly decided. Under *Dueñas*, fines, fees, and assessments cannot be imposed on an indigent defendant, or must be stayed in the case of a mandatory restitution fine under Penal Code section 1202.4,[1] unless there is a determination that the defendant has the ability to pay. (*People v. Dueñas* (2019) 30 Cal.App.5th 1157, 1168, 1172.) A trial court must make that determination when a defendant contests ability to pay. (*People v. Castellano* (2019) 33 Cal.App.5th 485, 490.)

Here, defendant asked the court to "strike any non-mandatory court fees pursuant to Duenas being that [defendant] is indigent." Under *Dueñas*, this request was sufficient to require the court to make a factual finding regarding defendant's ability to pay the $3,900 restitution fine (§ 1202.4, subd. (b)), the $3,900 corresponding suspended parole revocation fine (§ 1202.45), the $80 court operations fee (§ 1465.8, subd. (a)(1)), and the $50 criminal conviction assessment (Gov. Code, § 70373). The trial court found *Dueñas* inapplicable because "defendant will have an opportunity to earn money in prison" without citing any evidence to support that finding. Moreover, the court did not allow defendant an opportunity to present evidence regarding his inability to pay. (See *People v. Taylor* (2019) 43 Cal.App.5th 390, 402 [consideration of potential prison wages does not foreclose inability to pay showing].) Thus, the court committed error under *Dueñas* and, on appeal, the People must show that error was harmless beyond a reasonable doubt. (*Id.* at p. 403.) The People's reference to defendant's age, his two-year postsecondary degree, and his earlier representation of "earning 'about $2,800 a month' as a landscaper prior to the COVID epidemic" is insufficient to meet that standard in the face of the $4,040 owed and the probation report indicating defendant is unemployed, has no source

---

[1]     Undesignated statutory references are to the Penal Code.

1

of income, and suffers from bipolar disorder.  The People make no argument here, nor did they point to evidence in the record and argue in the trial court, that defendant would be able to work in prison and earn enough.  Therefore, the People have not shown that the error is harmless beyond a reasonable doubt.

For these reasons, I would vacate the fines, fees, and assessments above and remand for the trial court to determine defendant's ability to pay based on evidence and arguments of the parties.

/S/

                        _____

MESIWALA, J.